SECOND SOCIETY OF UNIVERSALISTS IN THE TOWN OF BOSTON *vs.* ROYAL INSURANCE COMPANY, LIMITED.

SAME *vs.* YORKSHIRE INSURANCE COMPANY, LIMITED.

SAME *vs.* CALEDONIAN INSURANCE COMPANY.

SAME *vs.* COMMERCIAL UNION ASSURANCE COMPANY, LIMITED.

SAME *vs.* LONDON ASSURANCE CORPORATION.

SAME *vs.* PALATINE INSURANCE COMPANY, LIMITED.

SAME *vs.* INSURANCE COMPANY OF NORTH AMERICA.

SAME *vs.* SAME.

SAME *vs.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY.

SAME *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY.

SAME *vs.* FIRE ASSOCIATION OF PHILADELPHIA.

SAME *vs.* SAME.

SAME *vs.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

SAME *vs.* MASSACHUSETTS FIRE AND MARINE INSURANCE COMPANY.

Suffolk.   November 21, 1917. — January 15, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance,* Fire: computation of partial loss.

In an action upon a policy of fire insurance in the Massachusetts standard form to recover for the partial loss of a building by fire, in applying the general rule stated in *Hewins* v. *London Assurance Corp.* 184 Mass. 177, 181, that, where a

building is partially destroyed by fire, the loss is the difference between the value of the building before the fire and the value of the part remaining after the fire, it is proper for the presiding judge to instruct the jury that in estimating the value of the part of the building remaining the cost of repairing it is a very material matter and that, if the repairs must conform to certain requirements of the building laws, the nature of those requirements must be considered in determining the cost of the necessary repairs.

In the same case, where the jury under the instructions described above, as amplified and explained by the judge, found that the value of the building before the fire was a certain amount and that its value after the fire was a certain other amount, it also was *held* that the jury in fixing the fair value of the part of the building remaining after the fire must have considered and have made allowance for the restrictions of the building laws as affecting such value.

FOURTEEN ACTIONS OF CONTRACT brought by the Second Society of Universalists in the Town of Boston, a corporation, against twelve different insurance companies on fourteen policies of fire insurance in the Massachusetts standard form, for the loss by fire on February 10, 1914, of the church building of the plaintiff at the corner of Clarendon Street and Columbus Avenue in Boston.   Writs all dated October 15, 1914.

After the decision of this court reported in 221 Mass. 518, overruling the defendant's demurrer in the first of the above named actions, the plaintiff, by leave of court, amended its declarations by adding to each a second count for a partial loss, its first count in each action having alleged a total loss.

In the Superior Court the cases were tried together before *Hitchcock,* J.   No questions were raised by the defendants at the trial as to the issuing of the policies or as to there having been a loss thereunder or as to the sufficiency of notices or statements of loss.   The proceedings are described in the opinion.   The special questions submitted by the judge to the jury and the answers of the jury there are stated except the first question and answer, which were as follows:

"1. Was the award of the referees made in good faith and after a reasonable opportunity to both the plaintiff and the defendant to be heard and to present such evidence as they might severally desire?"   The jury answered, "No."

The plaintiff asked the judge to order verdicts for the plaintiff in the total sum of $73,000 with interest from April 11, 1914, to the date of the verdict.   The judge refused to order verdicts for this total amount, giving the reasons stated in the opinion.   He

made the rulings and gave the instructions there described and ordered verdicts for the plaintiff in accordance with those rulings and instructions amounting to the total sum of $58,000 and interest. The plaintiff alleged exceptions, including an exception to the exclusion of certain evidence, which is described in the opinion.

*J. J. Higgins,* (*A. A. Gleason* with him,) for the plaintiff.

*H. E. Warner,* for the defendants.

DE COURCY, J. These fourteen actions were brought to recover for fire loss on the Second Universalist Church in Boston, on policies in the Massachusetts standard form, aggregating $80,000, two being for $10,000 each and twelve being for $5,000 each. A separate action was brought on each policy, but the cases were tried together; and, as the questions raised are the same in each case, they are covered by one bill of exceptions.

The fire occurred on February 10, 1914. A submission to arbitration was agreed upon, and an award was made by two of the referees in July, 1914, fixing the loss at $57,604. This the plaintiff refused to accept, and brought these actions to set aside the awards and recover under the policies. At the trial no question was raised as to liability. Under the first special finding of the jury the award must be considered invalid.

No exception was taken to the instructions given by the presiding judge as to the rule of damages if the award should be set aside. Nor was any objection raised as to the submission to the jury of the questions which, with the answers thereto, were as follows:

"2. Was the loss or damage by fire to the building owned by the plaintiff and insured in the policies of the defendant companies total or only partial?" The jury answered, "Partial."

"3. What was a fair value of the building owned by the plaintiff and which was damaged or destroyed by fire immediately preceding the fire?" The jury answered, "$101,000."

"4. What was a fair value of such part of the building, if any, which was left after the fire?" The jury answered, "$43,000."

"5. What would be a fair and reasonable cost to repair and restore the building to the condition it was in immediately preceding the fire with material of the same kind and quality and in the same manner of construction?" The jury answered, "$59,000."

"6. What would be a fair and reasonable cost to repair and

restore the building with such material and manner of construction as might be required by the so called building laws of the city of Boston?" The jury answered, "$73,000 as of 1914."

Thereupon the judge directed that the difference between the value of the property immediately preceding the fire and the value of what was left, as found by the jury ($58,000), be prorated among the policies, and that verdicts for the plaintiff be entered for $7,250 and interest on each $10,000 policy, and for $3,625 and interest on each $5,000 policy. The plaintiff excepted to this direction and also to the judge's refusal to direct verdicts for $73,000.

In the case of *Hewins* v. *London Assurance Corp.* 184 Mass. 177, 181, the general rule as to the amount of loss recoverable under the Massachusetts standard policy was stated to be, "where a building is partially destroyed by fire, the loss is the difference between the value of the building before the fire and the value of the part remaining after the fire." It is not contended that there was any language in either of these policies to render this ordinary rule inapplicable. The finding of the jury, that the value of the church building immediately preceding the fire was $101,000 is not questioned. But the plaintiff contends that the jury, in fixing the fair value of that part of the building which was left after the fire, did not consider the increased cost of repairs under the Boston building laws.

In his charge to the jury on this subject, the presiding judge embodied the following extract, among others, from the opinion in the Hewins case: "Where the building is only partially destroyed and the proper course is to repair, . . . it is manifest that in estimating the value of the part remaining the cost of the necessary repairs is a very material matter; and, if the repairs must conform to certain legal requirements, the nature of those requirements is also to be considered. In considering the cost of repairs it would not be profitable to think of repairs which the law forbids, but only of those which the law does not forbid. . . . The building laws were the same at the time of the fire as at the time the policies were issued. The only change in the situation was in the physical condition of the building, and that change was caused wholly by the fire. The building laws simply constituted one of the conditions of the situation. While it is true that by

reason of their existence the loss caused by the ravages of the fire was greater than it otherwise would have been, it is none the less true that the sole operating cause of the change in the building was the fire, and as above stated in the absence of any provision in the policy expressly excluding from the damages the part arising out of that condition, that part is not to be excluded, but is to be regarded as primarily the result of the fire, or as 'loss or damage by fire.'" He further charged: "Now, all the questions which have been raised here with reference to the building laws of Boston have their applicability only to the question of determining what value, if any, there was to such portions of this building as were left, in case it was a partial loss. If it was a total loss, we need not disturb ourselves about the building laws of Boston. If it was a partial loss, then what was the value of what was left, taking into consideration the provisions of the law in regard to such use as may be made of that portion in rebuilding or in restoring property? If, under the building laws or other provisions of law, the building could not be restored in the form and manner in which it was before the fire, if there is any legal prohibition of such restoration, then what is left would not have any value, except as property to be removed from the building. If what was left could be made use of as a part of restoration, if that was a proper thing to do, a restoration in accordance with the terms of the law, then the question is, what was that fairly worth at that place, and as something which the plaintiff could make use of?"

After citing some of the building laws providing for fireproof construction, the judge added: "If there is any discretion existing in the building commissioner with reference to this (about which there may perhaps be some doubt) as a matter of law there exists a possibility that under the law the building could not be reconstructed or repaired except as a fireproof building. There is that possibility, and in determining the question of the value of the property that is left after the fire, it must be determined with reference to the possibility of such a condition existing, and not necessarily with reference to the absolute fact that such a condition will exist. If that possibility exists, if there be discretion and the possibility exists, then that possibility is an element to be taken into consideration in determining the value of what is left

of this building." In view of these explicit instructions we must assume that the jury, in fixing the fair value of what remained after the fire at $43,000, considered and made allowance for the restrictions of the building laws as affecting that value.

The value of the building before the fire, and the value of the part remaining after the fire, having been found by the jury, the only amount which could be recovered was one for the difference between those values; and there was no error in directing verdicts aggregating that amount.

The exception to the judge's refusal to direct verdicts for $73,000 is based on the answer of the jury to the sixth question. But, as already stated, what the plaintiff was entitled to was the difference between the value before and after the fire. The cost of repairs under legal restrictions is not necessarily the same thing as the value of what was lost. In fixing the value of the building after the fire the jury had before them evidence on which they might have found that the additional requirements of the building laws were not applicable or would not be enforced in the reconstruction of this building; or that, even if there should be additional cost due to the building laws, the value of what remained after the fire was $43,000. The refusal to give this request did not constitute error. The plaintiff's forcible argument, that in view of the answer to the sixth question the jury could not have allowed for the increased cost of repairs under the building laws in fixing the value of the building after the fire, could be effectively addressed only to the trial judge in support of a motion for a new trial.

The only exception relating to the admissibility of evidence is that to the exclusion of the opinion of a witness that the steeple was out of plumb and unsafe. This referred to a condition of many years' standing, due to the settling of the building which was on "made" land. There was no evidence that the condition of the tower was in any way due to the fire, or that it affected the amount of the loss recoverable; and the counsel for the plaintiff, during his examination of the building commissioner, expressly stated that he did not claim the leaning of the tower to be material in the case. No error is shown in the exclusion of this testimony.

*Exceptions overruled.*